# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:15CR00003-001 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **BILLY RAY KEEN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Justin Lugar, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."

The defendant was sentenced by judgment entered December 1, 2015, to 180 months imprisonment after pleading guilty to conspiring to distribute and possess

with intent to distribute a mixture of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). He stipulated in his written Plea Agreement that his sentencing guideline Base Offense Level would be 38, representing that 4.5 kilograms of "ice" methamphetamine was attributable to him. The Presentence Investigation Report (PSR) recommended an adjustment of four levels because he was an organizer or leader of the criminal activity, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 3B1.1(a). Accordingly, after a reduction for acceptance of responsibility, he was scored with a guideline sentencing range of 240 months, which was the maximum statutory penalty. Without objection by the government, the court varied below the guideline range to a sentence of 180 months.

Keen is now 61 years old and is confined at a medium security Bureau of Prisons facility in Beaver, West Virginia, known as FCI Beckley. He has a projected home confinement date of March 29, 2027, and projected release date of September 19, 2027. He is an insulin dependent diabetic and suffers from high blood pressure and an abdominal aortic aneurysm. Keen filed an earlier pro se motion seeking his compassionate release, which was denied without prejudice for failure to exhaust his administrative remedies, but that is no longer a question raised by the government.

While Keen certainly has worrisome health issues, and clearly the nature of a prison makes infection more likely, it is represented that there are no present Covid-19 cases at his institution. Moreover, the Bureau of Prisons has instituted extensive

procedures in an attempt to minimize such infections. Indeed, a review of Keen's prison health records, supplied by his counsel, show that he is receiving prompt and comprehensive evaluation and treatment for his medical needs and concerns. In fact, a fellow citizen outside the prison walls, observing the quality of the free medical care that Keen is receiving would likely envy it, although naturally not at the price of incarceration.

In addition, I must also consider the § 3553(a) factors. As the government points out, Keen was a leader and organizer of a large 40-person-plus conspiracy that involved quantities of high-purity methamphetamine originally obtained from a Mexican drug cartel. The drugs were transported into this region either by coconspirator long-haul truckers or through UPS or FedEx. Once the drugs were here, Keen would use his sub-distributors for further sales. As is not unusual in such activity, firearms were frequently employed. An unindicted coconspirator told authorities that on one occasion Keen himself sold seven grams of methamphetamine to a customer and laid a semiautomatic handgun beside him while doing so and threatened to kill the customer if he was informed on. PSR ¶ 18, ECF No. 711.

Accordingly, the § 3553(a) factors of deterrence and public safety mitigate against Keens' release.

-4-

Accordingly, it is **ORDERED** that the Supplemental Motion for Compassionate Release, ECF No. 1081, is DENIED.

          ENTER:  June 3, 2020

          /s/ *JAMES P. JONES*
          United States District Judge